FILED

**NOT FOR PUBLICATION**

MAR 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QI Y. CHEN, AKA Qi Yao Chen, AKA Qiyao Chen, AKA Qu Y. Chen, AKA Qu Yao Chen, AKA Wee Liang Tan, AKA Qi Yao, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 13-71817 <br><br> Agency No. A095-721-927 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges

Qi Y. Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Chen's contentions regarding a pattern or practice of persecution of Christians in China, or the potential impact of his prior problems with the government in China on his well-founded fear, because he failed to raise these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency).

The BIA did not abuse its discretion in denying Chen's motion to reopen as untimely because the motion was filed over four years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and the BIA reasonably determined Chen failed to establish changed circumstances in China to qualify for an exception to the time limitations for a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi*, 597 F.3d at 986.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**